**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

_____

DERRIK A. DAVIS,

                Petitioner,

        vs.

JAMES MACDONALD, Warden, CCC,
Shelby, Montana

                Respondents.

CAUSE NO. CV 06-034-H-DWM-RKS

ORDER TO SERVE CLAIM 3c
AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
TO DENY CLAIMS 1, 2, 3a,3b, 3d, 3e and 4

_____

      This action concerns Petitioner Derrik A. Davis' Petition for Writ of Habeas Corpus filed

pursuant to 28 U.S.C. § 2254 on July 27, 2006. (Document 1).  Petitioner, a state prisoner

proceeding pro se, was granted in forma pauperis status on November 15, 2006. (Document 4).

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 2241 and 2254.

      On June 18, 2007, the Court issued an Order setting forth the procedural history of this

case and finding that Petitioner's first and fourth claims were procedurally barred from going

forward in state court. (Document 10).  As exceptions to the general rule of dismissal for

procedural default exist, Plaintiff was given an opportunity to show either cause and prejudice or

a fundamental miscarriage of justice.  Petitioner filed a response to the Court's Order on July 17,

2007. (Document 11).

      As set forth in the Court's prior Order, Rule 4 of the Rules Governing Section 2254 Cases

in the United States District Courts requires courts to examine the petition before ordering the

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 1

respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.  If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order."  Id.  The Court will now complete the prescreening process on Mr. Davis' habeas petition.

## A.  FACTUAL AND PROCEDURAL HISTORY[1]

On September 28, 2001, Petitioner was charged with four counts of burglary, one count of attempted burglary, one count of reckless driving, one count of driving without a license, and one count of obstructing a peace officer or public servant.  Petitioner pled not guilty to all eight counts on October 10, 2001.

Trial was scheduled for December 10, 2001.  On November 28, 2001, Petitioner's court-appointed counsel, Randi Hood, appeared in district court and requested a continuance of the trial date to allow her to continue searching for identified defense witnesses that purportedly would provide an alibi for Petitioner.  Hood waived Petitioner's speedy trial right for purposes of the continuance.  The district court rescheduled the trial for January 22, 2002.

Petitioner's trial was the fifth case set for January 22 and was "subsequently bumped" for one of the other four cases.  The court rescheduled Petitioner's trial for February 19, 2002, however, Hood notified the court that she was scheduled to start another trial on that day.  On

---

[1]The factual and procedural history set forth below was taken largely from the Montana Supreme Court's opinion in State v. Davis, 318 Mont. 459, 81 P.3d 484, 2003 MT 341 (Mont. 2003).

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 2

March 1, 2002, the trial was again rescheduled by the district court for March 11, 2002.  That same day, Petitioner sent a letter to the district court requesting that Hood be removed as his counsel.  The district court conducted a hearing on Petitioner's request on March 5, 2002.  At the hearing, Petitioner stated that a friend in the Jehovah's Witnesses was helping him to obtain private counsel. Petitioner further stated that the cost of such counsel would be paid by the Jehovah's Witnesses.  The district court responded by cancelling the trial date and removing Hood as Petitioner's counsel.

On March 8, 2002, the State filed an amended information, charging Petitioner with four counts of burglary, one count of theft, one count of criminal endangerment, and one count of obstructing a peace officer or public servant.  On March 13, 2002, and March 21, 2002, the district court held status hearings on Petitioner's progress in obtaining private counsel.  At both hearings, Petitioner reported that he had been unable to secure such counsel.  Accordingly, on April 3, 2002, the district court appointed Jeremy Gersovitz to represent Petitioner.

On April 11, 2002, Petitioner pled not guilty to the seven counts contained in the amended information and the case proceeded to jury trial on June 3, 2002.  During voir dire, prospective jurors were asked if they knew witnesses Ed and Sharon Tregidga.  Several jurors indicated that they were acquainted with either Ed or Sharon, but all stated that their knowledge of the Tregidgas would not affect their ability to sit as jurors on the case.

Following opening statements, the State called Ed Tregidga as its first witness. Immediately after Tregidga was called, the following exchange occurred between one of the jurors and the district court:

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 3

THE COURT: Please be seated here in the witness chair.

JUROR: I do know Ed. I know him from school. I didn't know his last

name. I just met him this year.

THE COURT: Okay.

Tregidga then proceeded to give his testimony.

On June 5, 2002, Petitioner was convicted of three counts of burglary, one count of theft, one count of criminal endangerment, and one count of obstructing a peace officer or public servant.  Petitioner was sentenced July 15, 2002.

On July 25, 2002, Petitioner appealed his conviction to the Montana Supreme Court arguing that the district court abused its discretion when it failed to conduct a hearing after it discovered that one of the jurors was acquainted with witness Ed Tregidga; that he was denied effective assistance of counsel when defense counsel failed to object to the potentially biased juror and requested a continuance of the trial date.  The Montana Supreme Court declined to address Petitioner's issues for lack of support in the record and affirmed on December 15, 2003. State v. Davis, 318 Mont. 459, 81 P.3d 484, 2003 MT 341 (Mont. 2003).

On December 13, 2004, Petitioner filed a petition for post-conviction relief alleging that Hood was ineffective when she waived his speedy trial rights and requested a continuance of his trial date without his consent.  He also alleged that Gersovitz was ineffective in that he failed to challenge the possibly biased juror, failed to file a notice of alibi witnesses, failed to call alibi witnesses at trial and/or failed to advise him that the witnesses could not provide an alibi.  The district court denied the petition finding that Hood had valid reasons for requesting the

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 4

continuances and a significant portion of the delay was caused by Petitioner's attempting to hire private counsel. The district court also found that Gersovitz was not ineffective in that none of the witnesses at issue could provide an alibi for Petitioner and that Gersovitz made a tactical decision with regard to the potentially biased juror.

Petitioner appealed the district court's decision to the Montana Supreme Court which affirmed the denial of the petition for post-conviction relief on June 27, 2006. Petitioner filed this his federal habeas petition on July 27, 2006.

## B.  GROUNDS FOR RELIEF

Although set forth in the Court's Order of June 18, 2007, for ease of analysis Petitioner's four grounds for relief are restated herein as follows:

(1) The trial court erred in failing to conduct a hearing on the possible bias of a member of the jury, thereby denying Petitioner his right to an impartial and indifferent jury;

(2) Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel verbally waived Petitioner's speedy trial rights without his knowledge or consent;

(3) Petitioner received ineffective assistance of counsel at trial in violation of the Sixth Amendment to the United States Constitution when counsel (a) failed to file a notice of alibi witnesses; (b) failed to call critical witnesses to trial; (c) failed to inform Petitioner that no witness could provide an alibi for him; (d) failed to object after a juror indicated during trial that he knew a prosecution witness; and (e) failed to conduct a fair hearing.

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 5

(4) The state court's findings of law are clearly incorrect regarding the United States Constitution.  Specifically, the Montana Supreme Court and district court relied on substantial evidence unsupported by the record.  The district court did not address the argument being made by Petitioner and there is no valid authority for the state courts' decisions.

## C.  ANALYSIS

### 1.  Legal Standard for Evaluating Merits

Mr. Davis' petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA).  28 U.S.C. § 2254; Woodford v. Garceau, 538 U.S. 202, 210, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).  AEDPA "modifies the role of federal habeas courts in reviewing" habeas petitions.  Williams v. Taylor, 529 U.S. 362, 403 (2000)(O'Connor, J., concurring).  "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003)(citing Lindh v. Murphy, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) and Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct 357, 360 (2002)(per curiam)).  Under AEDPA, habeas relief is proper only if the state court's adjudication of the merits of a habeas claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).[2]

_____

[2]Following the AEDPA's enactment, 28 U.S.C. § 2254(d) now reads as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

"A state court's decision is 'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." <u>Ortiz-Sandoval v. Clarke</u>, 323 F.3d 1165, 1169 (9th Cir. 2003)(citing <u>Lockyer v. Andrade</u>, 538 U.S. 63, 73 (2003)).  The United States Supreme Court has clarified that "'clearly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" <u>Carey v. Musladin</u>, 127 S.Ct. 649, 653 (2006) (quoting <u>Williams</u>, 529 U.S. at 412.

"A state court's decision is an 'unreasonable application' of federal law if it is 'objectively unreasonable,' which 'requires the state court decision to be more than incorrect or erroneous.' Thus, 'an unreasonable application is different from an incorrect one.'" <u>Ortiz-Sandoval</u>, 323 F.3d at 1169-1170 (citing <u>Lockyer</u>, 538 U.S. at 75 and <u>Bell v. Cone</u>, 535 U.S. 685, 122 S.Ct. 1843, 1850 (2002)).

With regard to factual issues, habeas relief can only be granted if the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(2); <u>Wiggins v. Smith</u>, 539 U.S. 510, 528, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).  "As to more debatable

---

adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 7

factual determinations, the care with which the state court considered the subject may be important." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997)(en banc) cert. denied 522 U.S. 1008 (1997) overruled on other grounds by Lindh, 521 U.S. 320.  Further, AEDPA directs that factual findings of the state court be granted a presumption of correctness that can only be rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Jeffries, 114 F.3d at 1499-1500.

Based on the foregoing statutory structure for granting habeas relief, the Court will analyze Petitioner's contentions.

1. Claims regarding Juror Bias–Claims 1 and 3(d)

The facts regarding these claims have been set forth above.  In short, after the jury had been sworn and testimony had begun, a juror indicated that he knew one of the prosecution witnesses.  Apparently the juror failed to indicate this in voir dire because he did not know the witness' last name.

The Court previously determined that this claim was procedurally defaulted because the Montana Supreme Court held that Petitioner waived review of this claim by failing to object to the lack of hearing.  Petitioner was required to file a brief showing cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claim.

In his response, Petitioner set forth two arguments.  First, he argued that he raised this claim on appeal under the plain error doctrine.  He argued that the Sixth Amendment guarantees criminal defendants a verdict by impartial, indifferent jurors and that the bias or prejudice of even a single juror would violate Defendant's right to a fair trial.  (Document 11, p. 9 citing United

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 8

States v. Hendrix, 549 F.2d 1225, 1227 (9th Cir. 1977). Furthermore, "[a] court confronted with

a colorable claim of juror bias must undertake an investigation of the relevant facts and

circumstances." Dyer v. Calderon, 151 F.3d 970, 974 (9th Cir. 1998) (en banc). (Document 11,

pp. 6-10).

     Federal courts cannot consider a state court judgment "if that judgment rests on a state-

law ground that is both independent of the merits of the federal claim and has an adequate basis

for the court's decision." Franklin v. Johnson, 290 F.3d 1223, 1230 (9th Cir. 2002) (quoting

Harris v. Reed, 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). Based upon Dyer

and Petitioner's plain error argument, it is not entirely clear that the Montana Supreme Court's

decision was made independently of the merits of the federal claim.

     Secondly, Petitioner argued that he received ineffective assistance of counsel which is the

cause for the procedural default.  Murray v. Carrier, 477 U.S. 478, 488 (1986). Out of an

abundance of caution the Court will examine the merits of Petitioner's claim regarding the trial

court's failure to examine the juror further (Claim 1) along with Petitioner's claim of ineffective

assistance of counsel for failing to object to the potentially biased juror (Claim 3d).[3]

---

[3]Because the state court did not address the merits of Petitioner's first claim, there is no state decision to review to determine whether the decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Thus, the Court may review the state court's decision with regard to the trial court's obligation to investigate juror bias de novo without the deference usually accorded state courts under 28 U.S.C. § 2254(d)(1). Chaker v. Crogan, 428 F.3d 1215, 1221 (9th Cir. 2005). The higher deference standard of § 2254(d)(1) would apply to Petitioner's ineffective assistance of counsel claim. Regardless of the standard utilized, Petitioner cannot sustain his claims regarding the potentially biased juror.

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 9

"A defendant has a Sixth Amendment right to 'a verdict by impartial, indifferent jurors' to avoid any bias or prejudice that might affect the defendant's right to a fair trial." U.S. v. Simtob, 485 F.3d 1058, 1064 (9th Cir. 2007) (citing Dyer, 151 F.3d at 973). "Improper influence or bias of a single juror would affect that right." Id. The presumption that a juror was impartial can be raised by demonstrating that the jury actually possessed an opinion or impression. Murphy v. Florida, 421 U.S. 794, 800 (1975). As set forth above, a trial court must inquire regarding "a colorable claim of juror bias." Dyer, 151 F.3d at 974.

Petitioner's counsel addressed this issue in an affidavit submitted in the state court as follows:

> That I believe Defendant's second complaint regarding my representation of him is that I did not object when one of the jurors indicated, as soon as one of the complaining victims, Ed Tregidga, was sworn in, during the first day of trial, June 3, 2002, that the juror knew Mr. Tregidga from school (Tr. p. 155, l.10) apparently the Helena College of Technology.
>
> That from reviewing my notes I have concluded that the juror who indicated he had some acquaintance with Ed Tregidga was the individual listed as Juror #7, Roger D. Knapstad, on the Court's Jury List.
>
> That the transcript reveals Mr. Knapstad knew Mr. Tregidga only from school and his relationship with him was so tangential that he didn't even know Ed's last name (Tr. p. 155, l.10) despite it having been told to the jury pool (Tr. p. 122, l.25.) The transcript also reveals this realization came after hours of voir dire during which Mr. Knapstad heard that Ed's wife was a juvenile probation officer, that her name was Sharon, that her maiden name was Lordiman (Tr. p. 43, l.23) that she visited children at a local school (Tr. p. 44, 1.13) and that she and Ed were "a nice couple" in an "archery club" (Tr. p. 45, l.23) and both in fact were accomplished archers (Tr. p. 46, 1.6.).
>
> That a review of my handwritten notes, the trial transcript and Mr. Knapstad's jury questionnaire reveal I wanted and continued to want Mr. Knapstad on the jury because I believed he would be fair and impartial. During questioning relative to his prior jury service, he came across as compassionate and thoughtful (Tr. p. 85,

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 10

> l.13), both ideal qualities in a juror. His questionnaire revealed he was male, had 12 years of education, was unemployed and involved in a class action suit against his former employer, all of which could be viewed as indicating commonalities with the Defendant.  That even taking into account Mr. Knapstad's brief acquaintance with Mr. Tregidga, I was of the opinion Mr. Knapstad was fair and impartial and a good juror for the defense.

In addition, the juror indicated in his statement to the Court that he had only met the juror "this year."  In light of this testimony, there was no "colorable" claim of juror bias based solely on the juror standing up and indicating that he knew the witness.  Petitioner has presented no further evidence of bias.  The juror's mere knowledge of a witness does not automatically trigger the Court's duty to inquire into possible bias.  Petitioner has shown no actual bias and thus cannot succeed on this claim under habeas review.

The analysis of whether counsel was ineffective for failing to object to the lack of hearing must be reviewed under the standard set forth by 28 U.S.C. § 2254(d) as set forth above.  The standard for analyzing an ineffective assistance of counsel claim is set forth in Strickland v. Washington, 466 U.S. 668, 692, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under Strickland, a defendant must demonstrate that counsel's representation (1) fell "below an objective standard of reasonableness," and (2) that the mistakes made were "prejudicial to the defense," that is, such mistakes that create a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Mr. Davis can show otherwise. Id. at 689-90, 104 S.Ct. 2052.

The Montana Supreme Court found that defense counsel made a tactical decision to retain the juror on the panel.  Counsel felt "that the juror displayed qualities of compassion and

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 11

thoughtfulness that [counsel] believed might serve his client well." <u>Davis v. State</u>, 332 Mont.

549, 138 P.3d 427, 2006 MT 142N (Mont. 2006).  The Court cannot say that the state court's

decision was an unreasonable application of federal law, which requires a finding that the state

court decision was more than incorrect or erroneous.  See <u>Ortiz-Sandoval</u>, 323 F.3d at 1169-1170

(citing <u>Lockyer</u>, 538 U.S. at 75 and <u>Bell v. Cone</u>, 535 U.S. 685, 122 S.Ct. 1843, 1850 (2002)).

Furthermore, the Court cannot say that the state court's adjudication of the claim resulted

in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the state court proceeding or was contrary to or an unreasonable application of

<u>Strickland</u>.  28 U.S.C. § 2254(d).  Accordingly, claims 1 and 3(d) should be denied.

> 2.  <u>Claim 2–Ineffective Assistance of Counsel for Waiver of Speedy Trial Rights</u>

In Claim 2, Petitioner argues that his counsel was ineffective for waiving his speedy trial

rights without his knowledge or consent.[4]  Even assuming that counsel waived Petitioner's

speedy trial rights without his consent, he cannot establish an ineffective assistance of counsel

claim unless he can demonstrate prejudice.  Petitioner can only demonstrate prejudice if his

speedy trial rights were violated.  The Montana Supreme Court determined that Petitioner failed

to assert or prove any harm caused by the delay in his trial.

"The Sixth Amendment guarantees that in all criminal prosecutions the accused shall

enjoy the right to a speedy trial." <u>Doggett v. United States</u>, 505 U.S. 647, 651, 112 S.Ct. 2686,

2690, 120 L.Ed.2d 520 (1992).  Speedy trial challenges are subject to a four-part inquiry

---

[4]The Court is also assuming based upon Petitioner's argument in Attachment 3 that his allegation in his fourth claim for relief, that the district court did not address the argument made by Petitioner, is based in part on his speedy trial claim.

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 12

governed by <u>Barker v. Wingo</u>, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971).  The four

factors are: "(1) whether delay before trial was uncommonly long, (2) whether the government or

the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant

asserted his right to a speedy trial, and (4) whether he suffered prejudice" because of the delay.

<u>Doggett</u>, 505 U.S. at 651, 112 S.Ct. at 2690; <u>United States v. Turner</u>, 926 F.2d 883, 889 (9th

Cir.), <u>cert. denied</u>, 502 U.S. 830, 112 S.Ct. 103, 116 L.Ed.2d 73 (1991).

Petitioner cannot establish the first factor.  To trigger a speedy trial inquiry, an accused

must show that the period between indictment and trial passes a threshold point of

"presumptively prejudicial" delay.  If this threshold is not met, the court does not proceed with

the <u>Barker</u> factors. <u>United States v. Beamon</u>, 992 F.2d 1009, 1012 (9th Cir. 1993)(citing <u>Doggett</u>,

505 U.S. at 651-652, 112 S.Ct. at 2690).  "Courts have generally found delays approaching one

year to be 'presumptively prejudicial, 'though some have found the line crossed at an earlier

point." <u>Beamon</u>, 992 F.2d at 1012 (citing <u>Doggett</u>, 505 U.S. at 652, n. 1, 112 S.Ct. at 2691 n. 1;

<u>see</u> <u>e.g.</u>, <u>United States v. Vassell</u>, 970 F.2d 1162, 1164 (2d Cir.) (suggesting that there is a

general consensus of about eight months), <u>cert. denied</u>, 506 U.S. 1009, 113 S.Ct. 627, 121

L.Ed.2d 559 (1992)).

Petitioner was initially indicted on September 28, 2001.  At the most, counsel's request

for a continuance delayed the trial until March 11, 2002, just five months after the indictment.

At that point, Petitioner himself was the cause of the delay as he requested that his counsel be

removed and he be given an opportunity to obtain private counsel.  Petitioner was unable to

obtain private counsel and on April 3, 2002 the district court appointed new counsel.  The case

went to trial on June 3, 2002 just eight months and five days after the indictment.

Furthermore, the Montana Supreme Court adopted the following findings of the state

district court:

> The District Court evaluated the length of time between Davis' arrest and his trial,
> as well as the reasons for the delay.  It then concluded that Hood's request for a
> continuance had been in Davis' best interests.  The court noted that Davis had
> provided Hood with incomplete names and descriptions of his alleged alibi
> witnesses and Hood made a diligent attempt to locate these witnesses before going
> to trial.  The court determined that had Hood failed to make such efforts, she
> would have been in breach of her professional responsibility to her client.  The
> court also determined that Davis failed to assert or prove any harm caused by the
> delay in his trial.

The Montana Supreme Court's finding that Petitioner's right to speedy trial was not violated was

a reasonable determination of the facts in light of the evidence presented in the state court

proceeding and is not contrary to or an unreasonable application of federal law.  28 U.S.C. §

2254(d).

3.  Claims 3(a) - 3(c)–Ineffective Assistance of Counsel Claims re: Witnesses

In his third claim for relief Petitioner contends he received ineffective assistance of

counsel at trial in violation of the Sixth Amendment to the United States Constitution when

counsel (a) failed to file a notice of alibi witnesses; (b) failed to call critical witnesses to trial; and

(c) failed to inform Petitioner that none of his witnesses could provide an alibi.

The Montana Supreme Court found that Davis' attorney interviewed the potential alibi

witnesses and determined that none of them could provide an alibi for Davis.  Davis v. State, 332

Mont. 549, 138 P.3d 427, 2006 MT 142N (Mont. 2006).  Petitioner presented no evidence that

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 14

any particular witness could provide an alibi for him.  Therefore, the Montana Supreme Court's finding that his counsel was not ineffective for failing to call these witnesses is not contrary to or an unreasonable application of federal law.  Nor is the Court's finding based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

However, Petitioner also complains that his counsel was ineffective because he did not inform Petitioner that the witnesses could not provide an alibi.  Petitioner submits that if he had known that none of his witnesses would be useful then he would have plead guilty instead of going to trial.

This issue was raised in Petitioner's petition for post-conviction relief and his appeal to the Montana Supreme Court challenging the denial of his petition for post-conviction relief. (Document 1-3, p. 14-15).  However, neither the district court nor the Montana Supreme Court addressed this issue.  Thus, as set forth above the Court may review the state court's decision to deny this claim without the deference usually accorded state courts under 28 U.S.C. § 2254(d)(1). Chaker, 428 F.3d at 1221; see also Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Greene v. Lambert, 288 F.3d 1081, 1088 (9th Cir. 2002).[5]

The Sixth Amendment guarantees criminal defendants the constitutional right to assistance of counsel in deciding whether or not to plead guilty. United States v. Fuller, 941 F.2d 993 (9th Cir. 1991).  Relying on the Third Circuit, the Ninth Circuit has held that "the decision to reject a plea bargain offer and plead not guilty is also a vitally important decision and a critical

---

[5]"[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" (Early v. Packer, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002)), the state court decision will not be "contrary to" clearly established federal law.  Id.

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 15

stage at which the right to effective assistance of counsel attaches." <u>Turner v. Calderon</u>, 281 F.3d 851, 879 (9th Cir. 2002) (citing <u>United States v. Zelinsky,</u> 689 F.2d 435, 438 (3rd Cir. 1982)).

In following the Third Circuit's lead, the Ninth Circuit applied <u>Strickland's</u> two-prong test to ineffectiveness claims arising from the plea process. <u>Id.</u> (citing <u>Hill v. Lockhart,</u> 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In <u>Turner</u>, the Ninth Circuit required the petitioner to show under the "prejudice" requirement of <u>Strickland</u> that, "but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." <u>Id.</u>   In order to satisfy the "prejudice" requirement of <u>Strickland</u>, Petitioner must show that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial. <u>Id.</u>

Petitioner has alleged that he would have pled guilty had his counsel advised him that none of his witnesses could provide an alibi defense.  Accordingly, based upon <u>Turner</u> and Petitioner's allegations, it does not plainly appear from the petition that Petitioner is not entitled to relief.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases.  Thus, the Court will require Respondent to respond to this claim.

4.  <u>Claim 4–Failure to Consider Federal Law</u>

Petitioner alleges in his fourth and final claim that the state court findings of law were clearly incorrect regarding United States Constitution.  He contends that the Montana Supreme Court and district court relied on substantial evidence not supported by the record and that the district court did not address the argument being made by Petitioner.  He claims that there is no valid authority for the state courts' decisions.

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 16

The Court previously found that Petitioner would be procedurally barred from pursuing this fourth claim because based upon Montana's time bar and second or successive rule this claim was procedurally defaulted.  In his brief in response to the Court's Order, Petitioner acknowledges that this claim is submitted within the other claims.  Accordingly, there is no need to independently consider Petitioner's fourth claim for relief and it will be recommended for dismissal.

Based on the foregoing, the Court enters the following:

## ORDER

1.  The Clerk of Court shall serve Respondent Warden James MacDonald and the Attorney General of the State of Montana by mailing to them copies of the Petition for Writ of Habeas Corpus and its attachments (Document 1); Petitioner's Motion to Amend his Petition for Writ of Habeas Corpus and Submit Preliminary Statement (Document 5); Order and Findings and Recommendation of May 10, 2007 (Document 8); Order of June 8, 2007 adopting Findings and Recommendation (Document 9); Order of June 18, 2007 requiring Brief on Procedural Default (Document 10); Petitioner's Brief on Procedural Default of Claims One and Four (Document 11); a copy of this Order and Findings and Recommendation; and a copy of the Court's docket.

2.  Respondents shall file an Answer to Ground 3c of the Petition for Writ of Habeas Corpus within forty-five (45) days after the entry date reflected on the Notice of Electronic Filing.  Respondents are not required to address Grounds 1, 2, 3a, 3b, 3d, 3e and 4 as those claims are being recommended for denial.  **A motion in lieu of an Answer is not permissible.**

The Answer shall include the items detailed in Rule 5 of the Rules Governing Section 2254 Cases.

3. Respondents' Answer may be accompanied by a motion.

4. Within twenty days after Respondents serve the Answer, Petitioner may file a Reply to the Answer, limited to **ten (10) pages**, excluding exhibits.  If Respondents also serve a motion, Petitioner may respond to it within twenty days after Respondents serve it.  Petitioner's brief in response to any motion must be limited to **twenty (20) pages**, excluding exhibits.  Respondents may file a reply in support of any motion in accordance with D. Mont. L.R. 7.1.

5. From this point forward, Petitioner shall serve upon counsel for Respondents a copy of every document submitted for the Court's consideration.  A certificate of service must accompany each of Petitioner's submissions to the Court.  The Court will not consider any document which has not been filed with the Clerk of Court or which fails to include a certificate of service.

Further, the Court enters the following:

## RECOMMENDATION

Claims 1, 2, 3a, 3b, 3d, 3e, and 4 of Davis' petition should be **DENIED WITH PREJUDICE.**

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3d, 3e and 4 / PAGE 18

portions of the Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to

timely file written objections may bar a de novo determination by the district judge.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT THE DISMISSAL OF THIS CAUSE OF ACTION WITHOUT FURTHER NOTICE TO HIM.**

DATED this 9th day of August, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER TO SERVE CLAIM 3(c) AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS 1, 2, 3a, 3b, 3d, 3e and 4 / PAGE 19