FILED
MISSOULA, MT

2007 SEP 7 PM 4 54

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DERRIK A. DAVIS, | ) | CV 06-34-H-DWM-RKS |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| JAMES MACDONALD, Warden, CCC, Shelby, Montana, | ) | |
| Respondent. | ) | |

Petitioner Davis has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 alleging errors during his trial on state charges of burglary, theft, criminal endangerment and obstructing a police officer. Petitioner is a state prisoner proceeding pro se. Petitioner lists the following four claims for relief: (1) the trial court erred in failing to conduct a hearing on possible juror bias; (2) Petitioner's trial counsel's waiver of Petitioner's speedy trial rights constituted

-1-

ineffective assistance; (3) Petitioner's trial counsel was ineffective for failing to properly advise Petitioner regarding alibi witnesses; and (4) the state court's findings of law are clearly incorrect regarding the United States Constitution.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge.

Judge Strong ordered the Respondent to file an answer to Ground 3c of the Petition, which alleges that the Petitioner would have pled guilty had his trial counsel informed him that none of the defense witnesses could support an alibi defense. Judge Strong concluded that the record does not clearly establish that Petitioner is not entitled to relief on that Ground. Judge Strong recommends that all remaining claims for relief be dismissed with prejudice on preliminary screening.

Judge Strong concluded that the trial court did not err in failing to investigate potential juror bias because the facts did not give rise to a colorable claim of juror bias, and that Petitioner's trial counsel was not ineffective for failing to

make an objection when the court chose not to inquire as to bias because counsel had made the tactical decision to retain the juror on the panel. Judge Strong rejects Petitioner's speedy trial claim because Petitioner contributed to the delay and because Petitioner cannot establish that the eight-month delay between indictment and trial was uncommonly long. Regarding Petitioner's fourth ground for relief Judge Strong recommends dismissal because the claim is procedurally barred.

Petitioner did not timely object to Judge Strong's recommendations and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that Claims 1, 2, 3a, 3b, 3d, 3e, and 4 of Davis' Petition are DENIED WITH PREJUDICE.

DATED this 7 day of September, 2007.

Donald W. Molloy, Chief Judge
United States District Court